## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES C. VAUGHAN,** | |
| **PLAINTIFF,** | |
| **v.** | |
| **LAZY DAYS' RV CENTER INC.,** **CROSSROADS RV, INC AKA DS CORP** and **CAMPING WORLD, INC.,** | **CIVIL ACTION NO.:** 16-582 |
| **DEFENDANT(S).** | |

## AMENDED COMPLAINT

## THE PARTIES

1.     Plaintiff, Charles C. Vaughan, is an individual resident and citizen of Baldwin County, Alabama.

2.     Defendant, Lazy Days' RV Center, (hereinafter "Lazy Days") on information and belief is a corporation with a place of business in Hillsborough County, Florida.

3.     Defendant Crossroads RV, Inc., (hereinafter "Crossroads") on information and belief is a foreign corporation located at 1140 W. Lake Street, Topeka, IN 46571.

4.     Camping World, Inc., (hereinafter "Camping World") on information and belief is a Kentucky corporation that does business in Baldwin County, Alabama.

## JURISDICTION

5.      This court has jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C. § 2310(d)(3)(B) because the amount in controversy exceeds $50,000.00.

1

6.      This court also has diversity jurisdiction pursuant to 12 U.S.C. §1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

7.       This case arises out of shoddy construction, manufacturing defects and design of a Recreational Vehicle purchased by the plaintiff herein.

8.      On or about August 2, 2014 Plaintiff entered a purchase agreement or contract for the purchase of a recreational vehicle, Identification Number 4V0FC392XFR004929 (hereinafter referred to as the "RV") which was discovered to be defective. Such defects were discovered within the warranty periods.

9.      The total purchase price was approximately $90,000.

10.      On information and belief, said RV was manufactured by Crossroads and was subject to a manufacturer's warranty at the time of purchase.

11.      The RV was purchased, in Seffner, Florida and delivered to Plaintiff's home in Daphne, Alabama for Plaintiff's personal use and enjoyment by defendant Lazy Days.

12.      At the time and place of the purchase Crossroads and Lazy Days through their agents represented to the plaintiff and his agent, Charles Vaughan, Jr., the following:

      a.      That said RV was new and would was manufactured in a workmanlike manner;

      b.      That any minor omissions or malfunctions would be corrected by Crossroads and/or Lazy Days;

      c.      That mechanical and other problems with the RV would be promptly remedied within the warranty period;

      d.      That the RV was well built and well designed;

e.    That the RV was a 2015 model;

f.    That the RV was covered by a warranty; and

g.    Defendants have made other representations not specifically mentioned herein.

13.    Plaintiff's purchase of the RV was accompanied by implied and express warranties offered by Defendants Lazy Days and Crossroads and extending to the plaintiff.

14.    Plaintiff also purchased a service contract and extended warranty from Lazy Days, at a cost of $5,162.20, covering the RV.

15.    The statements and warranties described above were all part of the basis of the bargain between the parties, in that, the Plaintiff relied upon the truth of these affirmations in purchasing the RV.  Said representations constituted an express warranty under the U.C.C. § 2-313.

16.    Crossroads failed to adequately design, manufacture and inspect the RV prior to distributing it to the Plaintiff.

17.    During August of 2014 Plaintiff was shopping for a fifth-wheel RV and had his son, who was acting as his agent, agent check out the Lazy Days location in Seffner, Florida.

18.    Lazy Days did not have the particular model RV chosen by Plaintiff in stock. However, it was represented to Plaintiff and his agent, that Crossroads had the RV "on the assembly line." Based on that representation and others, Plaintiff paid a deposit amount of $10,000.00 toward the purchase of the RV.

19.    Upon arrival of the RV unit several days later, Plaintiff's agent noticed multiple items that needed to be completed and repaired on the inside and the outside of the unit.

20.    Among the many problems with the unit were the following:

- There is stain on carpet in family room and it was never replaced;
- The computer desk rocks;
- There is a defect in wood above fireplace;
- The Pantry cabinets are defective;
- Crown molding in family room is defective;
- Trim around bathroom doors does not fit;
- Family room has two slides that squeak when extending or descending;
- Defect in kitchenette;
- Scratches on several doors;
- Refrigerator door hangs so you cannot open the deep freeze;
- Water leak between refrigerator and half bath;
- Stain on steps and master bedroom carpet
- Vinyl floor bubbling in master bath;
- Cabinets separating in master bedroom by window;
- Side storage compartment shocks will not hold door open (defected);
- Side table defect in wood and not mounted to floor;
- Trim around second slide by master bedroom is falling down;
- Corner trim in front of half bath separating;
- Nitrogen tires were not filled;
- Sewer cap was not replaced;
- Six-point leveling jack makes unit jump and unstable;
- Island top is separating around the edge;
- Crown molding in master bedroom is separating;

21.     Based on the representation of Lazy Days, that the RV's deficiencies would be cured, Plaintiff agreed to take delivery of the RV at his home in Alabama, closed deal and purchased the RV.

22.     The RV was delivered in Alabama approximately three weeks later. Upon inspection, however, it was discovered that most of issues and defects had not been repaired or rectified.  Plaintiff contacted Crossroads and was instructed by Crossroads to take the RV to an authorized Crossroads dealer. The closest authorized dealer was defendant Camping World. Plaintiff took the unit to Camping World and gave it the entire list of nonconformities.

23.     After Camping World had the possession of the RV for almost three months little or none of the warranty work had been completed and Plaintiff contacted Crossroads' warranty

4

department in an effort expedite the repairs.

24.     Over a period of months Plaintiff was promised numerous times that work on the RV would be completed but was only given excuses, such as the required parts were not available.

25.     Eight months later the RV was taken back to Camping World, during the year 2015, to have all the remaining repairs fixed and other issues that had arisen which were warrantied work issues.  Camping World kept the RV for three additional months. The defects were not rectified and the RV was damaged due to negligence and neglect of agents of Camping World.

26.     Defendants Lazy Days and Crossroads sold or otherwise placed in the stream of commerce, a product or products, which have proved to be manufactured in an un-workmanlike manner causing the Plaintiff loss of money, distress and mental anguish.

**COUNT ONE**
**VIOLATION OF THE FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT**

27.     This count is against defendants Lazy Days and Crossroads only.

28.     Defendants Lazy Days and Crossroads' sale of RVs together with service contracts and Maintenance Programs and a Warranty are "trade or commerce" within the meaning of Florida Revised Statutes Section 501.203(8).

29.     Plaintiff is a "Consumer," and an "Interested Party or Person" as defined by Fla. Stat.§ 501 .203 (6) & (7).

30.     Defendants are engaged in "Trade or Commerce" as defined in Fla. Stat. § 501.203(8).

31.     In connection with said transaction, the Defendants engaged in unfair methods of competition and/or unconscionable acts or practices and/or unfair or deceptive acts or practices violation of Fla. Stat.§ 501.204.

5

32.     Said acts and practices include, but are not limited to, the following:

➢ Defendants' representations that the RV was covered by a valid warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, were untrue;

➢ Defendants' representations that the transaction contained, as a remedy, an effective warranty, which would cause effective warranty repairs to be made within a reasonable time and within the warranty period, were false.

➢  Defendants' representations that the RV was fit for its intended and ordinary purposes and merchantable, were untrue.

➢ Defendant's representation that the vehicle was merchantable were untrue.

➢ Defendants may have failed to provide Plaintiff with repair orders at the time of Service

➢ Defendants, who had a legal obligation to Plaintiff under the written warranty, breached, avoided and/or attempted to avoid their obligation to the Plaintiff;

➢ Defendants have exhibited a pattern of inefficiency, stalling and/or incompetency regarding their warranty repair work.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT TWO
## FRAUD

32.     Plaintiff realleges and adopts all the foregoing relevant paragraphs contained in this

6

complaint.

33. This count is against defendants Lazy Days and Crossroads only.

34. The RV was defective as described above.

35. Lazy Days and Crossroads were aware of the defects of said RV and failed or refused to correct said defects before it was offered for sale to the Plaintiff.

36. Said representations regarding the quality of the RV, specifically, were false and Lazy Days and Crossroads knew they were false. Lazy Days and Crossroads intentionally suppressed the fact that the RV had numerous defects.

37. Plaintiff believed that said representations and reasonably relied on them and innocently acted upon them to his detriment by purchasing the RV.

38. As approximate result of said representations made by Defendants Plaintiff was caused to suffer the following injuries and damages:

   a. Loss of money

   b. Mental anguish and embarrassment.

Wherefore, Plaintiff claims actual and punitive damages of Lazy Days and Crossroads because of the intentional or gross and reckless nature of the fraud.

**COUNT THREE**
**FRAUD IN THE INDUCEMENT**

39. Plaintiff realleges and adopts all the foregoing relevant paragraphs contained in this complaint.

39. This count is against defendants Lazy Days and Crossroads only.

40. The Defendants Lazy Days and Crossroads represented to Plaintiff that said RV made the subject of this action would be delivered free from defects, and, if there were defects, the

7

said defects would be promptly repaired.

41.    In fact, said RV was not free from defects, was not fit for its ordinary and particular uses.

42.    The representations above, which were made to Plaintiff, were, in fact, false and fraudulent. Said representations made by Lazy Days and Crossroads induced the purchase said RV.

Wherefore, Plaintiff claims actual and punitive damages of Lazy Days and Crossroads because of the intentional or gross and reckless nature of the fraud.

**COUNT FOUR**
**BREACH OF EXPRESS WARRANTY**

43.    Plaintiff realleges and adopts all the foregoing relevant paragraphs contained in this Complaint.

44.    The Defendants, Crossroads and Lazy Days represented and warranted to Plaintiff that said RV he purchased was free of defects. It was further represented to Plaintiff that if any defects were discovered that the same would be promptly corrected.

45.     After purchasing said RV Plaintiff, discovered the defects as stated above.

46.    Plaintiff alleges that there are other numerous defects not listed above and that Lazy Days and Crossroads breached the warranties by not correcting the RV's defects.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT FIVE
## BREACH OF IMPLIED WARRANTY

47.    Plaintiff realleges and adopts all the foregoing relevant paragraphs in this complaint.

40.    This count is against defendants Lazy Days and Crossroads only.

48.    At the time of the Plaintiff's purchase, Lazy Days and Crossroads expressly warranted and warranted by implication that said RV was free from defects and was fit for its ordinary and particular uses, or, if there were defects, that the same would be promptly repaired to the Plaintiff satisfaction.

49.    Lazy Days and Crossroads have been notified of the existence of said defects. Plaintiff was promised that the defects would be remedied to his satisfaction, but and Lazy Days and Crossroads have failed and/or refused to remedy said defects as required by the Warranty.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT SIX
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## (15 U.S.C. § 2301, et seq.)

50.    Plaintiff herein incorporates by reference every prior allegation as though here fully restated and realleged.

51.    This count is against all defendants.

52.    The Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act"), 15 U.S.C. § 2301(3).

9

53.    The manufacturer, Crossroads RV Inc. is "supplier" and "warrantor" as defined by the Warranty Act, 15 U.S.C. § 2301(4), (5).

54.    Lazy Days is also a warrantor because at the time of sale, or within 90 days thereafter, it entered into a service contract with the Plaintiff which applies to the RV.

55.    Defendant Camping World is a person obligated under a written warranty.

56.    The RV in question is a "consumer product" as defined in the Warranty Act, at 15 § U.S.C. 2301(1).

57.    The RV was manufactured and sold after July 4, 1975.

58.    The express warranties given by Dealer and/or Manufacturer and/or required by statute to be given by the Dealer and/or Manufacturer, pertaining to the RV are "written warranties" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

59.    This sales transaction is subject to the provisions and regulations of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.).

60.    The above-described actions, including, but not limited to, the failure of Defendants, to honor the warranty and/or to ignore the rules and regulations constitute breach of the written warranties and of the Warranty Act.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT SEVEN
## BUYER'S CLAIM FOR DAMAGES
## FOR ACCEPTED NON-CONFORMING GOODS

61.    Plaintiff herein incorporates by reference every prior allegation as though here fully

restated and realleged.

62.    Pursuant to U.C.C. § 2-714, Plaintiff avers that the Defendants Lazy Days and Crossroads breached the agreement set out above, in that, Lazy Days and Crossroads failed to provide a RV which was free from defects and which was fit for its ordinary and particular uses as represented and promised to Plaintiff.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT EIGHT
## REVOCATION OF ACCEPTANCE

63.    Plaintiff herein incorporates by reference every prior allegation as though here fully restated and realleged.

64.    This count is against Lazy Days only.

65.    Pursuant to U.C.C. § 2-608, et seq., Plaintiff avers that the nonconformities in the specified RV and Motor substantially impaired its value to him, that Plaintiff had given Defendants, the opportunity to cure said nonconformities, which nonconformities have not been cured to Plaintiff's satisfaction and that Plaintiff's acceptance of said RV was reasonably induced either by difficulty of discovery before acceptance or by the seller(s)' assurances, and that the Plaintiff has, within a reasonable time after discovering said nonconformities, notified Defendants Lazy Days and Crossroads and delayed exercising the right to rescind due to the promises or the efforts of the Defendants Lazy Days and Crossroads to cure said non-conformities.

WHEREFORE, Plaintiff respectfully demands:

11

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT NINE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

66.    Plaintiff herein incorporates by reference every prior allegation as though here fully restated and realleged.

67.    Pursuant to U.C.C. § 2-314, Plaintiff avers that the RV, which are the subject of this action, were not fit for the ordinary purposes for which it was to be used, did not conform to the promises and/or affirmations of the fact made by Lazy Days and Crossroads was not merchantable in that it was not of average suitability in the market place.  Indeed, said RV was not reasonably fit for the general and ordinary use for which the said RV was sold.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

## COUNT TEN
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

68.    Plaintiff herein incorporates by reference every prior allegation as though here fully restated and realleged.

69.    Pursuant to U.C.C. § 2-315, Plaintiff avers that the aforesaid RV which was sold by Defendants to Plaintiff, was not fit for the particular purposes for which it was sold, namely RV did not provide or conform to the promises and/or affirmations of the fact made by the Defendants, were not reasonably fit for the general and ordinary use for which the said RV was

12

sold. Plaintiff relied on Defendants' skill and judgment in selecting a RV, which would meet the Plaintiff's particular purpose in purchasing the RV.

WHEREFORE, Plaintiff respectfully demands:

The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages; Costs, including expert witness fees and reasonable attorney's fees; for such other relief as this court deems just and proper.

### COUNT ELEVEN
### NEGLIGENCE

70.     This count is against all defendants.

71.     Each of the relevant allegations above are incorporated in support of this count.

72.     All of the defendants were careless and negligent and said negligence caused damages to Plaintiff.

73.     Defendant Camping World neglected the unit the unit while it was in its possession as follows:

- The unit was left unpowered causing spoilage of food in refrigerator and freezer;

- The interior of the RV and exterior paint and finish were damaged due to excessive heat related to being stored in the sun;

- There was additional damage additional damage to the RV while it was there at Camping World not specifically enumerated herein.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for actual and punitive damages, reasonable attorney fees as provided for by statute.

**DATED** this the 22nd  day of November, 2016.

/s/ Earl P. Underwood, Jr._____
**EARL P. UNDERWOOD, JR. (UND008)**

13

**UNDERWOOD & RIEMER, PC**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:  (251) 990-5558**
**Facsimile:   (251) 990-0626**
**epunderwood@alalaw.com**


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**


                                        */s/ Earl P. Underwood, Jr.*_____
                                        **EARL P. UNDERWOOD, JR.**


**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AT:**

**LAZY DAYS RV CENTER, INC.**
**C/O OEHLER, HAROLD D.**
**6130 LAZY DAYS BLVD**
**SEFFNER, FLORIDA 33584-2968**

**CROSSROADS RV INC.**
**C T CORPORATION SYSTEM**
**1200 SOUTH PINE ISLAND ROAD**
**PLANTATION, FLORIDA 3334**

**CAMPING WORLD, INC.**
**2 NORTH JACKSON STREET, SUITE 605**
**MONTGOMERY, ALABAMA 36104**

14